UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SanMar Corporation, a Washington corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>ChicoEco, Inc. d/b/a Chicobag Co., a California corporation,<br><br>                                    Defendant. | No. 11-108<br><br>**FIRST AMENDED COMPLAINT** |

For its complaint, Plaintiff SanMar Corporation, by and through its undersigned counsel, alleges as follows:

1. Pursuant to 28 U.S.C. § 2201 *et seq.*, SanMar Corporation ("SanMar") seeks a declaratory judgment that it does not infringe any valid patent or trademark owned by defendant ChicoEco, Inc. d/b/a ChicoBag Co. ("Chico").

**PARTIES**

2. Plaintiff, SanMar is a Washington corporation having a principal place of business in Issaquah, Washington.

3. On information and belief, defendant ChicoEco, Inc. ("Chico") is a California corporation having a principal place of business in Chico, California. On information and belief, Chico does business as ChicoBag Co.

FIRST AMENDED COMPLAINT - 1

4. On information and belief, Chico regularly and systematically does business with residents in the state of Washington and in this judicial district, including selling products to residents of the forum through Chico's interactive website found at http://www.chicobag.com.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court can exercise personal jurisdiction over Chico because, on information and belief, Chico regularly and systematically does business in this judicial district by selling products to residents in this judicial district through Chico's website, http://www.chicobag.com.

6. Venue is proper in the district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**PERTINENT FACTS**

7. SanMar, which is based in Issaquah, Washington, is an award-winning supplier of fourteen retail, private label and mill brands. SanMar supplies apparel and accessories to screen printers, embroiderers, promotional products distributors, athletic dealers, and industrial launderers. SanMar's products are sold to a wide range of customers, from large companies who outfit Fortune 500 corporations to mom and pop screen printers who outfit their local bowling teams.

8. SanMar is the exclusive distributor of Nike Golf, OGIO® and New Era® into the promotional products market. SanMar's other retail brands include Columbia® Sportswear, Gildan®, Jerzees®, and Hanes®.

9. SanMar also designs and sells Port Authority®, America's No. 1 private clothing label. Red House®, Port Authority Signature®, Port & Company®, District Threads®, Sport-Tek®, CornerStone® and Precious Cargo® complete San-Mar's private label offerings.

FIRST AMENDED COMPLAINT - 2

1   10. SanMar, which began in 1971 as a college project in a family garage, has grown substantially and now sells approximately 1,000 products through six national distribution centers having approximately 3.25 million square feet of inventory space.

11. SanMar currently employs approximately 1,600 individuals across the United States, including nearly 750 employees in the Puget Sound area.

12. Chico sells reusable bags through its website, and these bags are available for purchase wherever the internet is accessible, including in this judicial district.

13. On information and belief, on July 24, 2007, the United States Patent and Trademark Office issued patent no. D547,059 ("the '059 patent"). On information and belief, the '059 patent, titled "Reusable Bag," is assigned to Chico. A copy of the '059 patent is attached hereto as Exhibit A.

14. On or about September 23, 2005, Chico filed the patent application that ultimately issued as the '059 patent. The patent application was assigned application no. 29/238,959 ("the '959 application").

15. The '959 application, as filed, contained seven figures. Figure 1 as submitted in the '959 application was described in the application as follows: "Fig 1 is a perspective view of a reusable bag in position to hold and carry items." That figure is reproduced below:



FIG. 1

FIRST AMENDED COMPLAINT - 3

16.     The '959 application included a "FEATURE DESCRIPTION" stating that "[t]he Reusable Bag is stored in a self-contained pouch with a drawstring and clip."

17.     During prosecution of the application that issued as the '059 application, the applicant cancelled Figure 1 and renumbered the remaining drawings consecutively.

18.     The sole claim of the '059 patent reads as follows: "The ornamental design for a reusable bag, as shown and described."  A representative drawing of the claimed design is reproduced below:



19.     In the "DESCRIPTION" section, the '059 patent describes Figures 1 through 6 and characterizes the claimed design as follows: "[t]he reusable bag is stored in a self-contained pouch with drawstring and clip."

20.     On its website, Chico describes the features found in its commercial embodiment of the '059 patent as being a reusable bag "small enough to tote in a pocket and have features that allowed it to clip anywhere."  *See* http://www.chicobag.com/t-about_us.aspx.

21.     Chico's commercial embodiment of the reusable bag as disclosed and claimed in the '059 patent is further described on Chico's website as follows: "The Original is our compact reusable bag that started it all. A reusable bag is only valuable if it is easy to remember and our Original design makes it easy to stow by featuring an integrated stuff pouch, which allows the entire bag to fit easily in your pocket. The pouch features a carabiner

FIRST AMENDED COMPLAINT - 4

so your ChicoBag™ brand reusable bag can be clipped anywhere." *See* http://www.chicobag.com/p-16-chicobag-original.aspx.

22.  Bags having drawstrings were well known long before the '959 application was filed. For example, a book published in 1976 discloses a single drawstring bag having either a flat rounded bottom or a circular inset bottom and includes instructions of how to make such bags. *See* Cunningham & Hansson, *Light Weight Camping Equipment and How to Make It*, pp. 55-56 (Charles Scribner's Sons 1976).

23.  Similarly, numerous prior art patents disclose drawstring bags. For example, United States Patent No. 5,454,643, titled "Combination Beach Towel and Tote Bag" ("the '643 patent"), discloses a drawstring tote bag incorporated with a beach towel. Figure 5 of the '643 patent is reproduced below:



24.  The '643 patent explains that an "important advantage of the present invention is that the towel can be easily deployed from the tote bag to change the mode of use and also readily stored in a neatly folded configuration within the tote bag."

25.  United States Patent No. 6,564,838, titled "Handbag with Drawstring Closure" ("the '838 patent"), discloses a handbag including a drawstring for closing the bag.

26.  The drawstring of the '838 patent includes a drawstring spring clamp 60 used to close the upper open end of the handbag. The spring clamp disclosed in the '838 patent is similar to the spring clamp disclosed in the '059 patent. The '838 patent explains that these

FIRST AMENDED COMPLAINT - 5

1  spring clamps are "well known in the industry . . . ." Illustrations of the handbag (Fig. 1) and
2  the spring clamp (Fig. 3) disclosed in the '838 patent are reproduced below:




  27.   United States Patent No. D411,671, titled "Laundry Bag with External Pockets" discloses a drawstring bag having a clip on the side of the bag as illustrated in the figure reproduced from the '671 patent below:



  28.   Numerous other utility and design patents disclose drawstring bags with or without clips, including United States Patent Nos. D261,075; D317,401; D437,481; and D493,657.

FIRST AMENDED COMPLAINT - 6

1    29.    Similarly, swivel snap hooks such as the hook illustrated in the '959
2 application were well-known in the art.  United States Patent No. 4,617,704, titled "Swivel
3 Snap Hook of Synthetic Resin" ("the '704 patent"), discloses a "a swivel snap hook of
4 synthetic resin for use on a carrying strap of a bag, for example."

5    30.    The swivel snap hook illustrated in Fig. 1 of the '704 patent is reproduced
6 below:



16    31.    None of the references listed in paragraphs 22-30 above were cited to or
17 considered by the Examiner at the USPTO during prosecution of the '959 application.

18    32.    On information and belief, a number of other drawstring bags were either in
19 public use or on sale more than a year before the filing date of the '959 application.

20    33.    On information and belief, Chico also owns Trademark Registration No.
21 3,836,339 ("the '339 registration") that is registered on the Supplemental Register.  A copy of
22 the '339 registration is attached hereto as Exhibit B.

23    34.    The '339 registration describes the mark as follows:  "The mark is a
24 configuration of a substantially rectangular bag that has a permanently closed end and an
25 opposite end that is closeable via a drawstring.  The carabiner is shown by a dotted line and is
26 not part of the mark."  The mark illustrated on the '339 registration is reproduced below:

FIRST AMENDED COMPLAINT - 7



35. Neither the '643 patent nor the '838 patent were cited to the examiner during prosecution of the '339 registration.

36. On information and belief, products offered for sale by and sold by Chico embodying the configuration depicted in the '339 registration prominently display the "ChicoBag™" mark as illustrated below:



37. On September 15, 2010, Chico's lawyer sent a letter to SanMar identifying the '059 patent, referencing SanMar's sales and offers for sale of a specific product, suggesting infringement by such sales and offers for sale, and indicating that SanMar should obtain the advice of patent counsel concerning the sales of the specific product.

38. In a subsequent conversation with SanMar, Chico's counsel indicated that Chico wanted SanMar to cease sales of identified products and alleged that SanMar infringed Chico's rights.

FIRST AMENDED COMPLAINT - 8

39. There is an actual controversy as to whether SanMar has infringed any valid trademark or patent rights owned by Chico.

40. SanMar has a reasonable apprehension that a lawsuit for patent infringement and/or trademark infringement is imminent unless it complies with Chico's demands.

## FIRST CLAIM FOR RELIEF

## DECLARATION OF INVALIDITY OF THE '059 PATENT

41. SanMar incorporates by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

42. The "ornamental design for a reusable bag" claimed in the '059 patent, which is described in that patent as a "reusable bag is stored in a self-contained pouch with drawstring and clip" is invalid because that design is functional.

43. The "ornamental design for a reusable bag" claimed in the '059 patent is invalid under 35 U.S.C. § 103 as obvious over the prior art, including without limitation the prior art identified in paragraphs 22-30 above.

44. The "ornamental design for a reusable bag" claimed in the '059 patent is invalid for failure to comply with the patent laws of the United States, including without limitation 35 U.S.C. § 132.

45. SanMar is entitled to a declaration that the '059 patent is invalid for at least one or more of the reasons stated above.

## SECOND CLAIM FOR RELIEF

## DECLARATION OF NON-INFRINGEMENT OF THE '059 PATENT

46. SanMar incorporates by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

47. An ordinary observer, taking into account the prior art, would not believe that the SanMar product incorporates the same design as described and claimed in the '059 patent.

48. SanMar does not infringe any valid claim of the '059 patent.

FIRST AMENDED COMPLAINT - 9

## THIRD CLAIM FOR RELIEF

## DECLARATION OF INVALIDITY OF THE '339 REGISTRATION

49.  SanMar incorporates by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

50.  The "substantially rectangular bag that has a permanently closed end and an opposite end that is closeable via a drawstring" that is registered on the Supplemental Register in the '339 registration is invalid as functional.

51.  SanMar is entitled to a declaration that the '339 registration is invalid and an order cancelling the '339 registration.

## FOURTH CLAIM FOR RELIEF

## DECLARATION OF NON-INFRINGEMENT OF THE '339 REGISTRATION

52.  SanMar incorporates by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

53.  The "substantially rectangular bag that has a permanently closed end and an opposite end that is closeable via a drawstring" that is described in the '339 registration is neither inherently distinctive nor has it acquired distinctiveness by acquiring secondary meaning.

54.  The "substantially rectangular bag that has a permanently closed end and an opposite end that is closeable via a drawstring" does not act as a source indicator.

55.  SanMar's sales of goods identified in correspondence from Chico are not likely to cause confusion or mistake or deceive as to the source of any goods or as to the affiliation connection, or association of SanMar and Chico.

56.  SanMar is entitled to a declaration that it does not (1) infringe Chico's claimed rights in the '339 registration or any related marks, and (2) unfairly compete with Chico.

FIRST AMENDED COMPLAINT - 10

113540.0129/5055709.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## PRAYER FOR RELIEF

Wherefore, SanMar Corporation prays for a declaratory judgment and other relief against ChicoEco, Inc. d/b/a ChicoBag Co. as follows:

1. That the Court declare that the claim of the '059 patent is invalid;

2. That the Court declare that SanMar has not and does not infringe any valid claim of the '059 patent;

3. That the Court declare that the '339 registration is invalid;

4. That the Court issue an order cancelling the '339 registration;

5. That the Court declare that SanMar has not and does not infringe the '339 registration;

6. That the Court declare that SanMar has not and does not unfairly compete with Chico;

7. That the Court award to SanMar damages, costs, and reasonable attorneys' fees as provided for by any relevant statute; and

8. That the Court award such further relief as may be just and equitable under the circumstances.

DATED: April 21, 2011

                                      LANE POWELL PC

                                      By  s/Brian G. Bodine
                                          Brian G. Bodine, WSBA #22414
                                          Tiffany H. Scott, WSBA #41740
                                      Attorneys for Plaintiff

FIRST AMENDED COMPLAINT - 11

113540.0129/5055709.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107